IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,         §
                                  §
                    Plaintiff,    §
                                  §  Criminal No. 3:08-CR-118-D (01)
VS.                               §
                                  §
SHARON DENISE DAVENPORT,          §
                                  §
                    Defendant.    §

MEMORANDUM OPINION
AND ORDER

     Defendant Sharon Denise Davenport ("Davenport") has filed a
February 20, 2009 motion for discovery that seeks several
categories and sub-categories of discovery.  The United States of
America (the "government") opposes the motion to the extent that
Davenport seeks discovery beyond that to which she is legally
entitled.  The government posits that it provided Davenport with
full discovery on December 3, 2008, acknowledges that its discovery
obligation is a continuing responsibility, and states that it will
continue to comply with its discovery obligations.  The court
addresses the components of Davenport's motion in this memorandum
opinion and order.

I

*Requests for Defendant's*
*Oral, Written, or Recorded Statements*

     In two categories, which the court will consider together,
Davenport asks the court to compel the government to disclose the
following: (1) the substance of any relevant oral statement made by

Davenport, before or after arrest, in response to interrogation by a person she knew was a government agent, if the government intends to use the statement at trial; (2) any relevant written or recorded statement made by Davenport if the statement is within the government's possession, custody, or control and the attorney for the government knows, or through due diligence could know, that the statement exists; (3) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if Davenport made the statement in response to interrogation by a person she knew was a government agent; and (4) Davenport's recorded testimony, if any, before a grand jury relating to the charged offense.

To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot.  Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the motion is denied.

II

*Request for Defendant's Prior Criminal Record*

Davenport requests production of a copy of her prior criminal record that is within the government's possession, custody, or control, if the attorney for the government knows, or through due diligence could know, that the record exists.  To the extent the

government has agreed to the production Davenport seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by Rule 16(a)(1)(D), *Brady*, or *Giglio,* the motion is denied.

III

*Request for Documents and Objects*

Davenport requests permission to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and (1) the item is material to preparing the defense, (2) the government intends to use the item in its case-in-chief at trial, or (3) the item was obtained from or belongs to the defendant.   To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by Rule 16(a)(1)(E), *Brady*, or *Giglio,* the motion is denied.

IV

*Request for Reports of Examinations and Tests*

Davenport requests permission to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if (1) the

item is within the government's possession, custody, or control, (2) the attorney for the government knows, or through due diligence could know, that the item exists, and (3) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.   To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by Rule 16(a)(1)(F), *Brady*, or *Giglio,* the motion is denied.

V

*Request for Expert Witness Testimony Summaries*

Davenport moves for a written summary of any expert testimony that the government intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief at trial.   To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by Rule 16(a)(1)(G), *Brady*, or *Giglio,* the motion is denied.   To the extent the government has not done so already, it must comply with Rule 16(a)(1)(G) no later than the deadline specified *infra* at § X.

- 4 -

VI

*Request for Statements of
Alleged Coconspirator or Codefendant*

Davenport moves for production of any statements of any alleged coconspirator or codefendant, including statements that were recorded by video or audio recordings or by any other means by government agents or informants during the investigation and detection of this alleged offense, regardless whether the government intends to introduce these statements at trial. Davenport also asks the court to compel the government to inform her of the time, place, contents, and means of recording conversations and to provide her immediately with the complete recordings and transcripts thereof so that her counsel can determine whether any of these conversations is admissible against her pursuant to Fed. R. Evid. 801(d)(2)(E) and Rule 16(a).

To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by *Brady*, *Giglio*, Rule 16, Rule 26.2, or the Jencks Act, 18 U.S.C. § 3500, the court denies the motion. Concerning coconspirators, several courts have held that the fact that a coconspirator's statements are viewed as statements by the defendant under Fed. R. Evid. 801(d)(2)(E) does not make them discoverable under Rule 16(a)(1)(A) or (B). *See, e.g., United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir.

1988).  Furthermore, the Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses.  *See* Rule 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]"); *Tarantino*, 846 F.2d at 1418 ("[T]he Jencks Act explicitly provides that statements of witnesses, or prospective witnesses, including coconspirators, are not discoverable until after the witness testifies[.]").  And Rule 26.2 only applies to witnesses who actually testify.  *See* Rule 26.2 (providing that rule applies "[a]fter a witness other than the defendant has testified on direct examination").

Davenport's request for pretrial disclosure of the conconspirator and codefendant statements to determine admissibility is likewise denied.  The court, in making the preliminary determination whether the hearsay conspirator exception has been met, may examine the hearsay statements sought to be admitted as well as any other independent evidence.  *Bourjaily v. United States*, 483 U.S. 171, 180-81 (1987); *see United States v. Perez*, 823 F.2d 854, 855 (5th Cir. 1987).

VII

*Request for Rule 404(b) Evidence*

Davenport requests pursuant to Fed. R. Evid. 404(b) reasonable advance notice (and, in any event, no later than when the

government's witness and exhibit lists are due) of any evidence of other crimes, wrongs, or acts by Davenport that the government plans to introduce at trial.  The court grants the motion to the extent that the government must comply with its obligations under Rule 404(b) no later than the deadline specified *infra* at § X.

VIII

*Request for* Brady *and* Giglio *Disclosures*

Davenport moves the court to direct the government to produce 17 categories (including some sub-categories) of evidence in the possession of the government or its agents that would tend to exculpate her under *Brady* or that would impeach government witnesses under *Giglio*.  To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot.  Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by *Brady* or *Giglio,* the motion is denied.

IX

*Request for Electronic Surveillance*

Davenport moves for disclosure of any electronic surveillance logs and transcripts concerning her, a coconspirator, or any witness, and documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations.  Because the government has not specifically responded to this request, the court must assume *arguendo* that

there are such materials.

To the extent the government has agreed to the production Davenport seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, except to the extent disclosure is required by *Brady, Giglio*, Rule 16, Rule 26.2, 18 U.S.C. § 2510 *et seq.*, or the Jencks Act, the court denies the motion.

X

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than April 20, 2009 at noon with disclosure obligations imposed by this order, including any disclosure obligation imposed by Rule 16, *Brady*, *Giglio*, and Rule 404(b). Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Davenport will begin her cross-examination of a witness.

**SO ORDERED.**

April 6, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE